the jury; (2) the trial court erred in denying Lieberman's motion for judgment notwithstanding the verdict or for a new trial because Gillespie submitted his case under MAI 22.05, an instruction that applies to injuries occurring in a common area, where there was no evidence that the injury to Gillespie occurred in a common area; (3) the trial court erred in refusing to submit Lieberman's proffered instruction; and (4) the trial court abused its discretion in admitting evidence regarding the condition of another property owned by Lieberman because the evidence was legally irrelevant and prejudicial.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).

Henry B. Robertson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. & Karen L. Kramer, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., J., LAWRENCE E. MOONEY, J.

### ORDER

PER CURIAM.

Defendant, Heath Cowin, appeals from the judgment entered after a jury found him guilty of statutory rape in the first degree and child molestation in the first degree. No jurisprudential purpose would be served by a written opinion. The parties have been provided with a memorandum for their information only setting forth the reasons for this order.

The judgment is affirmed. Rule 30.25(b).

STATE of Missouri, Plaintiff/Respondent,

v.

Heath COWIN, Defendant/Appellant.

No. ED 81855.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 12, 2003.

Mary L. HARPER, Respondent,

v.

John M. GAA, Appellant.

No. WD 62314.

Missouri Court of Appeals, Western District.

Nov. 25, 2003.

Beverly Jones, Tarkio, for Appellant.